IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD CLYDE SILVIS,** | ) | |
| Petitioner, | ) | Civil Action No. 14-136 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **STEVEN R. GLUNT,** | ) | |
| Respondent. | ) | |

## OPINION AND ORDER[1]

Petitioner, Edward Clyde Silvis, is a state prisoner currently incarcerated at the State Correctional Institution Rockview. He has filed a petition for a writ of habeas corpus [ECF No. 5] in which he challenges his confinement pursuant to the sentence of life imprisonment imposed upon him in 1971.[2] The petition is second or successive and Petitioner has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court must summarily dismiss the petition for lack of jurisdiction. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

## I.

Petitioner is serving a life sentence imposed in 1971 for a murder he committed in 1969. He has filed a petition for a writ of habeas corpus in which he challenges the validity of the indictment that charged him with murder. Specifically, he alleges:

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Petitioner has voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. [ECF No. 4].

[2] Petitioner's criminal case originated in Forest County. A pretrial petition for change of venue was granted and his case was transferred to the Court of Common Pleas of Armstrong County. That court imposed his judgment of sentence in 1971. Commonwealth v. Silvis, 284 A.2d 740 (Pa. 1971). According to the records at SCI Rockview, of which this Court may take judicial notice, Petitioner is serving only one judgment of sentence (the life sentence imposed in 1971).

> In 1969, the year of the alleged crime, both the state and federal Constitutions required an indictment for a murder charge. In order for an indictment to proceed, it must be signed/stamped by the prosecuting official, that is a member of the District Attorney's Office. IT WAS NOT! And the indictment must cite the alleged crime, that is the murder statute. IT DID NOT! The so-called indictments are/were constitutionally invalid which were unconstitutionally used by the trial court to convict Petitioner. Therefore, Petitioner is incarcerated in violation of the U.S. Constitution.

[ECF No. 5 at 5]. Petitioner contends that because his indictment was invalid, the state court lacked jurisdiction to impose his judgment of sentence. He argues that he can raise his claim now because "jurisdictional issues can be raised at ANY TIME[.]" [ECF No. 5 at 7]. Petitioner contends that his sentence is illegal and that he is entitled to be released from what he claims is his unconstitutional imprisonment. [See ECF Nos. 5 & 6].

When Petitioner commenced this action, he filed it pursuant to 28 U.S.C. § 2241. [ECF No. 1]. In an Order dated May 20, 2014, the Court advised:

> No matter what label [Petitioner] has placed on his filing, the Court must construe it as being filed under 28 U.S.C § 2254, not 28 U.S.C. § 2241:
>
>> The question of whether a petitioner can proceed under § 2241, as opposed to § 2254, is a significant one. Section 2241 does not include the one-year limitations period of § 2244(d)(1); the extremely deferential review standards of § 2254(d)(1), (2); or the limitation on successive petitions in § 2244(b)(2). A petitioner proceeding under § 2241, therefore, does not need to overcome these procedural hurdles…
>>
>> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court…. If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.
>
> Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (May 2013) (emphasis in original), citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-

established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody…. applying the 'specific governs the general' canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

[ECF No. 3]. The Court directed that, because Petitioner's pleading did not comply with Rule 2 of the Rules Governing § 2254 Cases In the U.S. District Courts and the Court's Local Rules governing actions under 28 U.S.C. § 2254 (LCvR 2254(B)), he had to complete and file the standard form entitled Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person In State Custody.

Petitioner has filed the standard § 2254 form [ECF No. 5], but still insists that he may challenge his current confinement in a habeas petition filed under § 2241 [see ECF No. 6]. He may not. As explained in the Court's May 20, 2014, Order, because Petitioner is a state inmate in custody pursuant to a state court judgment of sentence, any request for habeas corpus relief that he pursues must be made under § 2254.

The Court suspects that the reason that Petitioner wants to proceed under § 2241 instead of § 2254 is that he already filed one unsuccessful § 2254 petition with this Court. He filed that petition in November 2003 and it was docketed at Silvis v. Tennis, et al., 1:03-cv-386 (W.D. Pa.). On August 30, 2004, the Court granted the Respondents' motion to dismiss and entered an order in which Petitioner's claims were dismissed as untimely under the applicable statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). On January 20, 2005, the U.S. Court of Appeals for the Third Circuit denied Petitioner a certificate of appealability because "[his] petition was filed beyond the one year statute. [Petitioner] has failed to

3

make a substantial showing of the denial of a constitutional right." See Docket Entry No. 18 in Silvis v. Tennis, et al., 1:03-cv-386 (W.D. Pa.).

AEDPA mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, 561 U.S. 320 (2010). See also United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014); In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Petitioner has not received from the Court of Appeals for the Third Circuit Court permission to file a second or successive petition. Therefore, this Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

4

of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether the instant petition should be summarily dismissed for lack of jurisdiction. Accordingly, a certificate of appealability shall be denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is summarily dismissed for lack of jurisdiction. A certificate of appealability is denied. An appropriate Order follows.

|  |  |
|---|---|
| Dated: August 28, 2014 | /s/ Susan Paradise Baxter<br>SUSAN PARADISE BAXTER<br>United States Magistrate Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| EDWARD CLYDE SILVIS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | Civil Action No. 13-209 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| STEVEN R. GLUNT, | ) | |
| Respondent. | ) | |

## ORDER

AND NOW, this 28th day of August, 2014, for the reasons set forth in the memorandum opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is summarily DISMISSED for lack of jurisdiction, and a certificate of appealability is DENIED. The Clerk of Court is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge